**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) | |
| | ) | Case No. 1:11-cr-086 |
| Adam Joseph Winarske, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Defendant Adam Joseph Winarske's "Motion to Suppress Evidence"
filed on December 14, 2011. See Docket No. 21. On December 22, 2011, the Government filed
a response in opposition to the motion. See Docket No. 29. On December 27, 2011, Winarske filed
a reply brief. See Docket No. 24. An evidentiary hearing was held on January 13, 2012. See
Docket No. 28. On January 27, 2012, Winarske and the Government filed post-hearing briefs. See
Docket Nos. 29 and 30. For the reasons set forth below, the Court denies Winarske's motion to
suppress.


I. <u>BACKGROUND</u>

In early 2011, Michael Fergel was arrested and charged in connection with stealing an
electric-power generator in Morton County, North Dakota. Fergel had previously been convicted
of crimes, including felonies, and was under the supervision of the North Dakota State Parole and
Probation Office. Soon after his 2011 arrest, Fergel began to cooperate with local law enforcement.

In early June 2011, Officer Jerry Stein began to talk with Fergel. Officer Stein was aware
of Fergel's prior convictions and his probationary status. Officer Stein testified that he had at least
two face-to-face meetings with Fergel, and Fergel would also provide information through telephone

calls and text messages. Officer Stein testified that during the first face-to-face meeting with Fergel, information was provided concerning drug transactions in the Bismarck area. Officer Stein believed the information to be accurate, and he was already aware of the reported criminal activity.

On the evening of June 9, 2011, Fergel contacted Officer Stein concerning individuals that had recently visited his home and who were planing to burglarize residences in the Bismarck area in the early morning hours of June 10, 2011. Fergel reported that the individuals were staying at the Motel 6 and they had targeted electric-powered generators advertised on BisMan Online (www.bismanonline.com), an online classified advertising website. Fergel reported that he observed a list of addresses the individuals planned to burglarize, and recalled that one address was on Bonn Boulevard in Bismarck. Officer Stein verified that a generator was listed for sale on BisMan Online at an address located on Bonn Boulevard. Officer Stein called several of the people selling generators, and confirmed that the individuals staying at a Motel 6 had contacted some of the sellers concerning the generators. The information provided by Fergel to law enforcement officers resulted in the arrest of several individuals and solved a number of recent burglaries in the Bismarck area.

From June 24, 2011, to June 29, 2011, Officer Stein exchanged phone calls and text messages with Fergel about a gun for sale from a person identified as "Adam." On June 24, 2011, Fergel informed Officer Stein that "Adam" had a .38 caliber handgun that was "hot" and had offered it for sale. See Hearing Exhibit No.'s. 1 and 2. Officer Stein believed the handgun was "hot" because it was stolen. Officer Stein found a report of a .38 handgun stolen from a car in Bismarck on June 24, 2011. The gun was stolen from an area approximately two blocks from where Winarske was living. Fergel informed Officer Stein that "Adam" had been convicted of corruption of a minor, he was a registered sex offender on state supervision, and that his probation officer was Brian

Weigel.  <u>See</u> Hearing Exhibit No's. 2 and 3.  Due to the felony convictions, Officer Stein knew that Winarske was prohibited from possessing firearms under state law.  Fergel reported that he thought "Adam's" last name was "Winaske."  <u>See</u> Hearing Exhibit No. 3.  Officer Stein subsequently determined that Adam Winarske was a felon, had been convicted of corruption of a minor, and was under the supervision of the North Dakota State Parole and Probation Office, being supervised by Tony Soupir.

Officer Stein testified that Michael Fergel informed law enforcement officers that the firearm sale would occur on June 29, 2011.  That day, Officer Stein met with Fergel at the Bismarck Police Department and instructed him to set up a time and place to purchase the stolen firearm from Winarske.  Around 11:35 a.m., Fergel received a text message from "Adam" stating that he would be arriving in Bismarck in approximately 45 minutes.  <u>See</u> Hearing Exhibit 6.  Fergel and "Adam" set up a meeting time at 1:00 p.m. at the Kirkwood Mall parking lot in Bismarck located near the Target employee entrance.  Fergel informed Officer Stein that "Adam" was traveling with his girlfriend (Honor) in a white Chevrolet Impala.

Fergel waited with an officer at the Bismarck Police Department while officers set up surveillance at the Kirkwood Mall parking lot.  Upon arrival at approximately 12:41 p.m., officers located an unoccupied white Chevrolet Impala in the parking lot near the Target employee entrance. The law enforcement officers determined the Chevrolet Impala was registered to Honor Jacobsen or Thomas Jacobsen from Hettinger, North Dakota.

Fergel was then contacted by "Adam" at 12:49 p.m. asking when they would complete the transaction.  Officer Stein instructed Fergel to tell "Adam" "in five minutes."  At 12:53 p.m., the officers observed a male and a female exit Kirkwood Mall and walk toward the Chevrolet Impala.

Adam Winarske was positively identified by both Tony Soupir, Winarske's supervising probation officer, and Bismarck Police Officer Mike Bolme, who knew Winarske from previous encounters with law enforcement. The female entered into the driver's seat of the car and Winarske entered the passenger seat. At that point, law enforcement officers approached the vehicle with weapons drawn and removed the individuals from the vehicle. Winarske and the female, identified as Honor Jacobson, were patted down and no firearms were located on them. Winarske was handcuffed, read his *Miranda* rights, and asked if there was a firearm in the vehicle. Winarske confirmed that a firearm was in a blue bag in the back of the vehicle behind the passenger seat.

Bismarck Police Officer Joe Arenz observed a blue bag in the back seat of the vehicle. Officer Arenz removed the blue bag, opened it, and discovered a .38 caliber handgun and an ammunition box with ammunition and a magazine. See Hearing Exhibit No. 8.

## II.   LEGAL DISCUSSION

Adam Winarske challenges the law enforcement officers' authority to conduct a warrantless arrest and search of the vehicle at the Kirkwood Mall parking lot on June 29, 2011. Winarske requests that the Court suppress all evidence obtained in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

### A.   WARRANTLESS ARREST

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Fourteenth Amendment provides "[n]o State shall make or enforce any law which shall abridge the privileges

or immunities of citizens of the United States[.]" A warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment when there is probable cause to believe the person has committed, or is committing, a crime. Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable cause to conduct a warrantless arrest exists when, under the totality of the circumstances, the information known to law enforcement would lead a reasonable person to believe the suspect has committed or is committing a crime. United States v. Blackmon, 662 F.3d 981, 985 (8th Cir. 2011); United States v. Parish, 606 F.3d 480, 486 (8th Cir. 2010).

Probable cause requires a showing of a probability or substantial chance a crime has taken place or is taking place, not that criminal activity is actually taking, or has taken, place. United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005). In determining whether a law enforcement has probable cause, the focus is on the facts and circumstances known to the officers at the time of the arrest. United States v. Taylor, 106 F.3d 801, 803 (8th Cir. 1997) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). Law enforcement officers need not actually observe a crime for probable cause to exist. United States v. Webster, 625 F.3d 439, 444 (8th Cir. 2011). Officers also have substantial latitude to interpret circumstances and draw inferences based on their experience. Id. (citing United States v. Henderson, 613 F.3d 1177, 1181 (8th Cir. 2010)).

Information provided by a confidential informant may be sufficiently reliable to provide probable cause where the information is independently corroborated or the informant has provided reliable information in the past. Webster, 624 F.3d at 443 (citing United States v. Neal, 528 F.3d 1069, 1073 (8th Cir. 2008)). Information provided by a confidential informant with a criminal history may be deemed reliable where the information is partially corroborated. Taylor, 106 F.3d at 803. Predictive information that is corroborated may also show the confidential informant's

credibility and support probable cause that a person is engaged or is about to engage in criminal activity. United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995); Webster, 625 F.3d at 444.

Winarske contends that Michael Fergel supplied insufficient information to provide probable cause due to Fergel's criminal history and inaccurate statements he provided to law enforcement officers. The Court disagrees. The record reveals that Fergel established a track record of providing accurate and reliable information to law enforcement officers, including information about local criminal activity and burglaries. Although Fergel misspelled Winarske's last name as "Winaske", and identified the wrong supervising probation officer when communicating with Officer Stein, law enforcement officers were able to independently corroborate much of Fergel's information about Winarske. See Taylor, 106 F.3d at 803 (explaining that reliability of informant with criminal history may be established through corroboration of information). Further, law enforcement officers confirmed predictive information such as Winarske's arrival at a predetermined place and time to consummate the stolen firearm transaction. See Brown, 49 F.3d at 1349 (finding that the defendant's arrival at a predetermined place and time, in part, supported probable cause). The Court finds that the information provided by Michael Fergel, along with the independent observations made by law enforcement officers, were sufficiently reliable to provide probable cause to believe Winarske was a felon in possession of a firearm; that Winarske was in possession of a stolen firearm, and that he had arranged to sell the firearm. Based upon the totality of the circumstances, the Court finds that the law enforcement officers' warrantless arrest of Winarske was reasonable under the Fourth and Fourteenth Amendments.

**B.**      <u>**WARRANTLESS SEARCH OF THE VEHICLE**</u>

As previously noted, law enforcement officers placed Adam Winarske and Honor Jacobsen under arrest at the scene and performed a search of their persons. No firearms were discovered. It is undisputed that the officers read Winarske his *Miranda* rights. In response to questions, Winarske admitted that there was a firearm in a blue bag in the back of the Chevrolet Impala. Officer Arenz recovered a blue bag from the back of the vehicle that contained a .38 caliber handgun and ammunition.

Winarske argues that the officers were not authorized to search the Chevrolet Impala citing <u>Arizona v. Gant</u>, 556 U.S. 332 (2009). In <u>Gant</u>, the United States Supreme Court held that officers "may search a vehicle incident to arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." <u>Id.</u> at 351. As discussed above, the law enforcement officers had probable cause to arrest Winarske for being a felon in possession of a firearm, possession of a stolen firearm, and attempting to sell a firearm. The Supreme Court's decision in <u>Gant</u> explicitly authorizes warrantless searches of vehicles incident to an arrest where it is reasonable to believe the vehicle contains evidence of the offense of arrest. <u>Id.</u> The Court finds that the law enforcement officers were authorized to search the Chevrolet Impala on June 29, 2011, without a warrant because they had reason to believe the vehicle contained evidence related to the offense(s) of arrest, namely the stolen firearm.

In addition, under the automobile exception to the Fourth Amendment, a warrantless search of a vehicle is reasonable when a law enforcement officer has probable cause to believe that evidence of criminal activity may be found in the vehicle. <u>Webster</u>, 625 F.3d at 445 (citing <u>United

States v. Grooms, 602 F.3d 939, 942-43 (8th Cir. 2010)). The Court finds that the law enforcement officers had probable cause to believe that Winarske was engaged in criminal activity related to being a felon in possession of a firearm and possessing and attempting to sell a stolen firearm. Based on the information known at the time of the arrest, the law enforcement officers had probable cause to believe that Winarske had the stolen firearm on his person or it was located inside the vehicle. Cf. Parish, 606 F.3d at 487 (finding that officers had probable cause to search a vehicle for evidence of drugs where officers had probable cause to believe the driver was about to engage in a drug transaction). The Court further finds that the law enforcement officers clearly had probable cause to search the vehicle for the stolen firearm after Winarske admitted there was a firearm located in the back of the vehicle. In summary, the Court finds that the law enforcement officers had probable cause to search the vehicle under the automobile exception to the Fourth Amendment, and that the warrantless automobile search was reasonable under the circumstances.


III.    **CONCLUSION**

The Court has carefully considered the entire record and the evidence introduced at the evidentiary hearing on January 13, 2012. Based on the totality of the circumstances, the Court finds no basis to suppress the evidence uncovered by law enforcement officers on June 29, 2012. The record clearly reveals that a reasonable suspicion existed to detain Winarske, and probable cause existed to arrest him for illegal possession of a firearm. In addition, there was probable cause to establish the existence of evidence of that crime in the vehicle, and the automobile exception authorized the warrantless search of the vehicle. Accordingly, Winarske's "Motion to Suppress Evidence" (Docket No. 21) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
