# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Adam Joseph Winarske, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| vs. | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| United States of America, | ) | |
| | ) | Case Nos. 1:16-cv-221 |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Adam Joseph Winarske, | ) | Case Nos. 1:11-cr-086 |
| | ) | |
| Defendant. | ) | |

The Defendant is serving a 180-month sentence for possession of a firearm and ammunition by a convicted felon. On June 21, 2016, the Defendant received permission from the Eighth Circuit Court of Appeals to file a successive Section 2255 motion. See Docket No. 66. On June 22, 2016, the Defendant filed a "Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (*Johnson Claim.)*." See Docket No. 68. The Defendant's motion is based on the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). After an initial review of the motion, the Court ordered the Government to file a response. On July 25, 2016, the Government filed a response in opposition to the motion. See Docket No. 72. The Defendant filed a reply on August 9, 2016. See Docket No. 75. For the reasons set forth below, the motion is denied.

1

## I. BACKGROUND

On August 24, 2011, a federal grand jury indicted Winarske on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). See Docket No. 1. On March 13, 2012, Winarske entered an open, conditional guilty plea to the one count indictment. See Docket No. 36. A sentencing hearing was held on June 29, 2012, at which time it was determined that because Winarske had five prior burglary convictions in North Dakota and two corruption of a minor convictions, he qualified as an armed career criminal under Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See Docket No. 42. No specific finding was made as to whether the offenses qualified under the "enumerated offenses clause," the "residual clause," or both. See Docket No. 51. The Court's finding that Winarske was an armed career criminal triggered a mandatory minimum sentence of 180-months. The advisory Sentencing Guideline range was determined to be 180-210 months. See Docket No. 38, p. 17. The Court sentenced Winarske to 180-months in prison, followed by 24 months of supervised release. See Docket No. 43. An appeal was taken and the conviction was affirmed. United States v. Winarske, 715 F.3d 1063, 1065 (8th Cir. 2013).

On June 22, 2016, Winarske filed a Section 2255 motion citing the recent opinion of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), as the basis for the motion. Prior to filing his Section 2255 motion, Winarske obtained permission from the Eighth Circuit Court of Appeals to file a successive Section 2255 motion challenging his sentence under the ACCA. Winarske contends that in the wake of *Johnson*, he no longer qualifies as an armed career criminal. The Government concedes the two corruption of a minor convictions no longer qualify as "violent felony" convictions because the *Johnson* decision declared the residual clause of the ACCA to be unconstitutional, and the offenses do not qualify

as a "violent felony" under any other section of the ACCA. The Government maintains Winarske's burglary convictions still qualify as 924(e) predicates under the "enumerated offenses clause" of the ACCA. The matter has been fully briefed and is ripe for a decision.

## II. STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis, 417 U.S. at 343.

In a case involving an ACCA conviction based on *Johnson*, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Redd v. United States, No. 4:16-CV-1665, 2017 WL 633850, at *2 (E.D. Mo. Feb. 16, 2017) (quoting Hardman v. United States, 149 F. Supp. 3d 1144, 1148 (W.D. Mo. 2016)). The movant need not show he was sentenced under the residual clause to maintain a Section 2255 claim under *Johnson*. United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (noting sentencing judges are not required to specify under which clause of

3

18 U.S.C. § 924(e)(2)(B) an offense qualified as a violent felony). A movant may rely on the new rule of constitutional law announced in *Johnson* if his sentence may have been predicated on the now void residual clause.

On a Section 2255 motion, the determination of whether a prior conviction qualifies as a predicate violent felony under the ACCA is subject to *de novo* review. Winston, 850 F.3d at 683; In re Chance, 831 F.3d 1335, 1338-39 (11th Cir. 2016). The court's review is not constrained to the law as it existed when the movant was sentenced, but should be made with the assistance of binding intervening precedent which clarifies the law. In re Chance, 831 F.3d at 1340; Winston, 850 F.3d at 683-84 (applying intervening case law); Redd, No. 4:16-CV-1665, 2017 WL 633850, at *4 n. 3. (noting decisions which clarify or apply existing law or a settled rule apply on collateral review). The burden remains on the movant to show that his sentence, in the wake of *Johnson*, is no longer authorized by the ACCA. In re Chance, 831 F.3d at 1341.

### III. LEGAL DISCUSSION

The ACCA's 180-month mandatory minimum penalty applies when a defendant has at least three prior felony convictions for a "serious drug offense" or a "violent felony," as defined in 18 U.S.C. § 924(e)(2). Absent the armed career criminal finding, the maximum sentence for being a felon in possession of a firearm is ten years. See 18 U.S.C. § 924(a)(2). Winarske has five prior felony convictions for burglary under North Dakota law. The question before the Court is whether Winarske's five burglary convictions qualify as violent felonies under the ACCA's enumerated offenses clause. The ACCA defines "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

4

> (i) **has as an element the use, attempted use, or threatened use of physical force against the person of another**; or
>
> (ii) <u>is burglary, arson, or extortion, involves use of explosives</u>, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion of this definition in bold is known as the "force clause" or "elements clause." The underlined portion of this definition is known as the "enumerated offenses clause." The italicized portion is known as the "residual clause."

In *Johnson,* the United States Supreme Court held the residual clause of the ACCA was vague, and the application of the residual clause violates the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The holding of *Johnson* applies retroactively on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, the holding in *Johnson* does not apply to the advisory federal Sentencing Guidelines. Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment Due Process Clause). Therefore, the residual clause no longer provides a basis for qualifying a prior conviction as a "violent felony" under the ACCA.

The crimes listed in the enumerated offense clause refer to the generic version of the offense, and not to all versions of offenses. See Taylor v. United States, 495 U.S. 575, 598 (1990); Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). In terms of burglary, the offense at issue in this case, the Supreme Court has said generic burglary consists of the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit an offense." Taylor, 495 U.S. at 599. In order to determine if a prior conviction qualifies, courts apply the "categorical approach." Taylor, 495 U.S. at 600; Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The categorical approach requires comparing the elements of the offense of conviction to the elements of the generic offense. Taylor, 495 U.S. at 600; Descamps, 133 S.

5

Ct. at 2281. The particular facts underlying the prior conviction are not considered. Taylor, 495 U.S. at 600. The prior conviction qualifies only if the elements of the offense are the same or narrower than the elements of the generic offense. Descamps, 133 S. Ct. at 2281. If the statute is broader than the generic crime, a conviction under that statute cannot serve as a predicate offense under the ACCA. Id. at 2283.

However, in a narrow range of cases, the sentencing court may apply the "modified categorical approach" and look beyond the statutory elements to a limited class of documents to determine what the elements of the underlying offense were. Id. at 2283-84. "The modified categorical approach is available only when a statute lists alternative elements and thus defines multiple separate crimes" and reference to the statute alone does not disclose which version of the offense was charged. United States v. Bess, 655 Fed. App'x 518, 520 (8th Cir. 2016). Such a statute is "divisible," because it "comprises multiple, alternative versions of the crime." Descamps, 133 S. Ct. at 2284. The modified categorical approach may only be used when the elements of the offense are divisible and may not be used when the elements are indivisible. Id. at 2282. The limited class of documents the court may review to determine which alternative, with which elements, formed the basis of the prior conviction includes the charging document, jury instructions, plea agreement, and transcript of the plea colloquy. Id. at 2284. The court can then compare the elements of the prior conviction with the elements of the generic offense, just as is done when applying the categorical approach, and determine whether the prior conviction corresponds to the generic offense and thus qualifies as a violent felony. Id.; Mathis, 136 S. Ct. at 2249. The focus always remains on the elements, and the underlying facts remain irrelevant. Descamps, 133 S. Ct. at 2285; Mathis, 136 S. Ct. at 2253.

In some cases it can be difficult to determine whether the statute of conviction sets forth alternative elements, or alternative factual means, of satisfying a single element. Mathis, 136 S. Ct. at 2249. The distinction is important because the sentencing court may only look to the elements of the offense and not to the facts related to the defendant's conduct. Id. at 2251. For example, a statute may set forth various places that the crime of burglary could occur and satisfy an element of the offense, none of which are essential to the conviction. Id. at 2249. State court case law may provide the elements versus means answer. Id. at 2256. The statute itself may provide the answer because if the alternatives carry different punishments then they are clearly elements. Id. The statute may contain a list of "illustrative examples" that are simply means of commission and not elements that must be charged. Id. The statute may also identify things which must be charged, and thus are elements, and things which need not be charged, and thus are means. Id. The court may also "peek" at the record documents to determine whether the items listed in the statute are elements or means. If the statute and the record fail to provide a clear answer, the conviction does not qualify as a predicate offense for ACCA purposes. Id. at 2257.

The threshold question in this case is whether Winarske's three class C and two class B North Dakota burglary convictions qualify as violent felonies under the enumerated offenses clause of the ACCA. The parties dispute whether Winarske's burglary convictions qualify. It does not appear the Eighth Circuit Court of Appeals has ever had occasion to address North Dakota's burglary statute in relation to the ACCA. Winarske's burglary convictions occurred in 2004 and 2005. North Dakota's burglary statute was last amended in 1973. See N.D.C.C. § 12.1-22-02. Winarske's burglary convictions, which all resulted from guilty pleas, are as follows:

1) Burglary, Stark County (ND) District Court, Case No. 04K-1501, on January 20, 2005. Class C felony. This offense was committed on June 15, 2004. See Docket No. 40-1.

2) Burglary, Stark County (ND) District Court, Case No. 04K-1501, on January 20, 2005. Class C. felony. This offense was committed on July 1, 2004. See Docket No. 40-1

3) Burglary, Stark County (ND) District Court, Case No. 05K-598, on February 22, 2006. Class C felony. This offense was committed on May 12, 2005. See Docket No. 40-3.

4) Burglary, Stark County (ND) District Court, Case No. 05K-1108, on February 22, 2006. Class B felony. This offense was committed on May 20, 2005. See Docket No. 40-4.

5) Burglary, Stark County (ND) District Court, Case No. 05K-1188, on February 22, 2006. Class B felony. This offense was committed on May 20, 2005. See Docket No. 40-5.

A.  **THE CATEGORICAL APPROACH**

Applying the "categorical approach" requires the Court to compare the elements of generic burglary with the elements of North Dakota's burglary statute. Generic burglary consists of the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit an offense." Taylor, 495 U.S. at 599. North Dakota's burglary statute provides as follows:

> 1. A person is guilty of burglary if he willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter or remain as the case may be, with intent to commit a crime therein.
>
> 2. Burglary is a class B felony if:
>
> a. The offense is committed at night and is knowingly perpetrated in the dwelling of another; or
>
> b. In effecting entry or while in the premises or in immediate flight therefrom, the actor inflicts or attempts to inflict bodily injury or physical restraint on another, or

>menaces another with imminent serious bodily injury, or is armed with a firearm, destructive device, or other weapon the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury.
>
>Otherwise burglary is a class C felony.

N.D.C.C. § 12.1-22-02(1). The statute does not define the term "building." "Occupied structure" is defined as follows:

>4. "Occupied structure" means a structure or <u>vehicle</u>:
>
>>a. Where any person lives or carries on business or other calling; or
>>
>>b. Which is used for overnight accommodation of persons.
>>
>>c. Any such structure or vehicle is deemed to be "occupied" regardless of whether a person is actually present.

N.D.C.C. § 12.1-22-06 (emphasis added). The term dwelling is defined as follows:

>2. "Dwelling" means any building or structure, though movable or temporary, or a portion thereof, which is for the time being a person's home or place of lodging.

N.D.C.C. § 12.1-05-12.

Winarske contends North Dakota's burglary statute is broader than the generic version because the definition of "occupied structure" includes vehicles whereas the generic version applies only to a building or structure. The Government contends the vehicles referenced are those in which a person lives and uses as a residence, and thus the statute is not broader than the generic version. The dispute between the parties focuses on the first element of North Dakota's burglary statute which the Court will refer to as the locational element. See North Dakota Criminal Pattern Jury Instruction K-9.10 and K-9.12. There is no dispute that North Dakota's burglary statute satisfies the elements of generic burglary which require unlawful entry and an intent to commit a crime therein.

The Court agrees with Winarske that because North Dakota's burglary statute covers vehicles, it covers more conduct than generic burglary. Thus, Winarske's North Dakota burglary convictions do not qualify categorically as ACCA violent felonies. See Shepard v. United States, 544 U.S. 13, 15-16 (2005) (noting the ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle"); Mathis, 136 S. Ct. at 2250 (Iowa burglary statute covering "any building, structure, [or] land, water, or air vehicle" was broader than generic burglary); United States v. Bess, 655 Fed. App'x 518, 519 (8th Cir. 2016) (finding Missouri's second-degree burglary statute defined inhabitable structure to include a ship, trailer, sleeping car, airplane, or other vehicle or structure was broader than generic burglary).

The Eighth Circuit Court of Appeals has very recently rejected the Government's argument that vehicles in which a person lives or can be used for overnight accommodation fall within the definition of generic burglary. See United States v. Lamb, 847 F.3d 928, 931 (8th Cir. 2017) (finding Wisconsin's burglary statute which covers motor homes was "without question" broader than generic burglary); United States v. Sims, No. 16-1233, slip op. at 5 (8th Cir. April 27, 2017) (finding Arkansas' residential burglary statute which applies to vehicles in which a person lives or that are used for overnight accommodation was broader than generic burglary). The Eighth Circuit decision in *Sims* was just recently published and is directly on point. Further, the United States Supreme Court has never made an exception to the definition of generic burglary for vehicles of any sort, or for vehicles that have been adapted for some other use such as sleeping or conducting business.

The Missouri burglary statute which the Eighth Circuit Court of Appeals found was broader than generic burglary in *Bess* is virtually identical to North Dakota's class C burglary

statute. The Missouri burglary statute analyzed in Bess provided "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170.1. Although Missouri has since repealed its definition of "inhabitable structure," at the time Bess was decided, Missouri law defined "inhabitable structure" as follows:

> "Inhabitable structure" includes a ship, trailer, sleeping car, airplane, or other <u>vehicle</u> or structure:
>
> (a) Where any person lives or carries on business or other calling; or
>
> (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or
>
> (c) Which is used for overnight accommodation of persons. Any such <u>vehicle</u> or structure is "inhabitable" regardless of whether a person is actually present.

Mo. Rev. Stat. § 569.010(2) (emphasis added). The Eighth Circuit Court of Appeals in Bess reasoned that because this definition of "inhabitable structure" included "a ship, trailer, sleeping car, airplane, or other <u>vehicle</u> or structure" it covered a broader range of conduct than generic burglary. Bess, 655 Fed. App'x at 519 (emphasis added).

North Dakota's burglary statute and the Missouri second degree burglary statute found overbroad by the Eighth Circuit Court of Appeals in Bess are virtually identical. In addition, North Dakota's definition of "occupied structure" is similar to the relevant Missouri definition of "inhabitable structure." North Dakota's definition of "occupied structure" is not as broad as Missouri's definition of "inhabitable structure" because it does not refer to ships, trailers, sleeping cars, or airplanes. However, both definitions refer to vehicles which is enough to make both statutes broader than generic burglary. See Mathis, 136 S. Ct. at 2250 (burglary statute which covers "land, water, or air vehicle" is broader than generic burglary); Descamps, 133 S.

11

Ct. at 2284 (noting a burglary statute which covers automobiles is non-generic). Given the similarity in the two statutes which both cover vehicles, the Court concludes North Dakota's burglary statute is broader than generic burglary.

While the Government engages in linguistic gymnastics in an attempt to read the word "vehicle" out of North Dakota's definition of occupied structure, the Court is unpersuaded. The fact remains that the definition of "occupied structure" covers certain classes of vehicles which makes North Dakota's burglary statute broader than the generic version which does not cover any vehicles. Nevertheless, Winarske's burglary convictions may qualify as predicate offenses under the "modified categorical approach." See Descamps, 133 S. Ct. at 2284.

### B. THE MODIFIED CATEGORICAL APPROACH

Before the Court can apply the "modified categorical approach," it must first determine whether the statute in question is divisible. See Bess, 655 Fed. App'x at 520. If the statute is not divisible, the Court is not allowed to apply the modified categorical approach. Id. A statute is only divisible if it lists alternative elements. Id. If the statute lists alternative means of satisfying an element, then it is not divisible, the modified categorical approach cannot be used, and the convictions in question do not qualify as ACCA predicates. Id. Since North Dakota's burglary statute is very similar to Missouri's burglary statute, the Court will look to case law interpreting Missouri's statute for guidance.

The question becomes whether the phrase "building or occupied structure, or a separately secured or occupied portion thereof" in North Dakota's burglary statute contains alternative elements or alternative means. While the divisibility determination may seem straight forward in theory, the actual inquiry has proven to be anything but simple. The Eighth Circuit has

determined that Missouri's second degree burglary statute contains two alternative elements: burglary "of a building" or "of an inhabitable structure." United States v. Sykes, 844 F.3d 712, 715 (8th Cir. 2016). The Eighth Circuit's holding was based on the use of the disjunctive "or" between the two phrases and without any review of Missouri state court decisions. Id. It was undisputed in *Sykes* the defendant had burglarized buildings rather than inhabitable structures and thus his Missouri second-degree burglary conviction were violent felonies for purposes of the ACCA. Id. at 715-16. A petition for rehearing *en banc* was denied on a 5-4 vote with the dissenting judges criticizing the lack of analysis on the divisibility issue. United States v. Sykes, No. 14-3139, 2017 WL 1314937, at *1-2 (8th Cir. Mar. 17, 2017). The holding in *Sykes* remains binding precedent for the time being. See United States v. Naylor, No. 16-2047, 2017 WL 1163645, at *2 (8th Cir. Mar. 28, 2017).

There does not appear to be any case law from the North Dakota Supreme Court which sheds light on the means versus elements question. The statute itself does not indicate what language must be charged. There is no difference in the penalty, which would be indicative of alternative elements, based on whether a "building" versus an "occupied structure" is charged. Most of the tools the United States Supreme Court in *Mathis* suggested the lower courts use in making a divisibility determination are lacking when analyzing North Dakota's class C burglary statute. The only difference between class C burglary and class B burglary is that Class B burglary requires proof of two additional elements. Compare North Dakota Criminal Pattern Jury Instruction K-9.10 with K-9.12. Those two additional elements relate to the structure being used as a dwelling and the use of force or a weapon and do not change the Court's divisibility analysis.

North Dakota's pattern jury instructions support the contention the statute contains at least two separate elements: "building or occupied structure" and "a separate secured or occupied portion of a building or occupied structure" which are listed as alternates in the instruction. See North Dakota Criminal Pattern Jury Instruction K-9.12. North Dakota has chosen to define "occupied structure," but has not defined "building" and has not defined the phrase "building or occupied structure" as one term. See N.D.C.C. § 12.1-22-06. The lack of a definition for the phrase "building or occupied structure" supports the contention the phrase contains separate elements rather than alternate means.

A "peek at the record" of documents shows a variation in the way burglary is charged and thus supports the idea that the statute lists alternate elements. See Docket Nos. 40-1, 403, 40-4, and 40-5. Available for review are the charging documents in relation to all five of Winarske's burglary convictions. In one case, the entire statutory phrase "building or occupied structure, or a separately secured or occupied portion thereof" was included in the charging document. See Docket No. 40-3. In another case, the phrase "building or occupied structure" was used. See Docket No. 40-4. In two cases the charging document alleged Winarske "willfully entered the Bauer Property Office at Century Apartments at 1156 21st Street West in Dickinson, or a separately secured or occupied portion thereof." See Docket No. 40-1. In yet another case, it was alleged that Winarske "willfully entered the occupied dwelling of another" with no reference at all to a "building or occupied structure." See Docket No. 40-5.

While reasonable persons could disagree as to the divisibility of North Dakota's burglary statute, the Court finds it is divisible. See Sykes, 844 F.3d at 715 (relying on the disjunctive nature of Missouri's burglary statute to find it listed alternative elements and thus was divisible). As the Court noted above, North Dakota's burglary statute and the Missouri burglary statute at

issue in *Bess* and *Sykes* are virtually identical. Section 12.1-22-02 of the North Dakota Century Code contains four distinct elements: "building," "occupied structure," "separately secured or occupied portion of a building," and "separately secured or occupied portion of an occupied structure." Any one of these elements could be charged and proven to satisfy the locational element of the statute. If the charging document only references burglary of a "building" it would equate with generic burglary while reference to an "occupied structure" would not. See Taylor, 495 U.S. at 599.

Another perspective is that the only North Dakota burglary convictions which could count as predicate violent felonies for purposes of the ACCA are ones which charge burglary of a "building" or a "separately secured or occupied portion of a building" and thus make no reference to an "occupied structure." A conviction under the "occupied structure" element of the statute would not qualify as a violent felony under the ACCA.

In applying the modified categorical approach after a finding that a statute is divisible, review is confined to a limited class of documents including the charging document, jury instructions, plea agreement, and plea colloquy. Sykes, 844 F.3d at 715. Of these documents, only the charging documents are available for review in this case. The United States Supreme Court has said lower courts may only look at the elements of the charge which the defendant pled guilty to and not the particular facts or factual basis for the plea. Taylor, 495 U.S. at 600-01 (rejecting the factual approach which permitted sentencing courts to look at "the facts of each defendant's conduct" in favor of a categorical elements only approach); Descamps, 133 S. Ct. at 2284 (stating the "factual basis" for the prior plea is not be considered when applying the modified categorical approach); Mathis, 136 S. Ct. at 2252 (adhering to an "elements-only

15

inquiry" which does not permit a judge to look at "what the defendant had actually done" or "explore the manner in which the defendant committed that offense").

In this case, applying the modified categorical approach and comparing the elements in the charging documents to the generic offense, the Court finds that three of Winarske's five burglary convictions still qualify as ACCA predicates. The inclusion of the term "occupied structure," which encompasses a limited class of vehicles, in the charging document in two of the cases puts those offenses outside the generic verison of burglary. See Docket Nos. 40-3 and 40-4. The other three charging documents make no reference to an "occupied structure" and thus comport with the generic version of burglary. See Docket Nos. 40-1 and 40-5. Accordingly, Winarske remains an armed career criminal, and he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 68) is **DENIED.** Because reasonable persons may disagree as to whether Winarske's five burglary convictions qualify as violent felonies under the ACCA's enumerated offenses clause, the Court finds Winarske has satisfied the burden of making a "substantial showing of a denial of a constitutional right" as required by 28 U.S.C. § 2253 and a certificate of appealability should be issued. Accordingly, and pursuant to 28 U.S.C. § 2253, the Court **GRANTS** Winarske a certificate of appealability on the following issue presented to the Court, namely whether Winarske qualifies as an armed career criminal under the ACCA in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The appeal may be taken *in forma pauperis*.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2017.

<u>/s/  Daniel L. Hovland</u>
Daniel L. Hovland, Chief Judge
United States District Court